IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH M. RUSSO** | : |
| | : |
| v. | : CIV. NO. 06-4098 |
| | : |
| **SECRETARY OF HEALTH AND** | : |
| **HUMAN SERVICES** | : |

**O R D E R**

On September 15, 2003, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. See 42 U.S.C. §§ 401-433. The Commissioner of Social Security denied Plaintiff's application on February 10, 2004. At Plaintiff's request, an Administrative Law Judge held a hearing on October 14, 2004, during which Plaintiff, a vocational expert and a medical expert testified. On January 19, 2005, the ALJ denied Plaintiff's application. The Appeals Council upheld the ALJ's decision. On September 13, 2006, Plaintiff filed the instant action, seeking review of the Commissioner's decision. On April 19, 2007, the Magistrate Judge issued a Report and Recommendation that I affirm the final decision of the Commissioner.

Plaintiff has filed Objections to the Report and Recommendation. (Doc. No. 12.) Plaintiff contends that the Magistrate Judge erred because: (1) the ALJ's hypothetical question should have included additional work-related limitations; (2) the ALJ's residual functional capacity assessment should have included additional work-related limitations; and (3) a "sentence six remand" was warranted so that the ALJ could consider an opinion by Dr. Clancy McKenzie submitted to the Appeals Council after the ALJ issued her decision.

1

I must affirm the ALJ's decision if it is supported by substantial evidence.  Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  The District Court must review *de novo* those portions of the Report to which objection is made.  28 U.S.C. § 636(b)(1)(C). See generally Goney, 749 F.2d at 7.  The Court may "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The ALJ's decision not to include mental limitations or a limitation regarding Plaintiff's arthritic hands in the hypothetical question was supported by substantial evidence.  "A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  As the Magistrate Judge pointed out, there was no medical evidence submitted to the ALJ that would support Plaintiff's claim that he has work-related mental limitations.  In addition, the ALJ appropriately excluded from her hypothetical a limitation regarding Plaintiff's arthritic hands and his fingering ability, because Plaintiff did not present any evidence that would support his claim that his arthritis is or has been disabling, or that it reaches the level of a "severe" impairment.  Accordingly, I will overrule Plaintiff's objection regarding the hypothetical question.

The ALJ also appropriately considered Plaintiff's impairments in her residual functional capacity assessment. Residual functional capacity "is defined as that which an individual is still able to do despite the limitations caused by his or her impairments." Burnett v. Comm'r of Social Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (citation omitted). "In making a residual functional capacity determination, the ALJ must consider all evidence before [her]." Id. at 122. Plaintiff contends that he was disabled because he had bypass and knee replacement surgeries. A particular medical diagnosis or procedure, however, is insufficient to prove disability. See Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (refusing "to create a presumption that a mere diagnosis of alcoholism, without more, renders an applicant eligible for benefits under the Social Security Act"). Because the ALJ properly accounted for Plaintiff's physical limitations in her residual functional capacity assessment, I will overrule Plaintiff's objection to that assessment.

Finally, the Magistrate Judge correctly determined that a "sentence six remand" was not warranted. A district court may remand a case for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g). Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding...." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Evidence is material if it is relevant, probative, and creates "a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984).

Plaintiff here seeks to present an opinion by Dr. Clancy McKenzie that was submitted to the Appeals Council after the ALJ issued her decision. Because Plaintiff could have submitted it to the

3

ALJ prior to the October, 2004 hearing, this evidence is not new. Plaintiff's only explanation for his failure previously to incorporate this evidence is that "the claimant at the time of the hearing was in a physical a [sic] mental state that precluded a diligent submission of additional evidence." (Doc. No. 15 at 4.) I do not believe this is good cause for Plaintiff's failure to present Dr. McKenzie's report before the ALJ. Finally, Plaintiff has failed to show that this evidence is material: Dr. McKenzie's report is not supported by the evidence of record and is contradicted by Plaintiff's treatment notes and Plaintiff's own testimony about his work history and lifestyle. In these circumstances, Plaintiff is not entitled to a remand pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly, I will overrule his objection regarding the remand.

AND NOW, this 22nd day of June, 2007, upon careful consideration of the Report and Recommendation filed by United States Magistrate Judge Peter B. Scuderi and the objections thereto, and upon independent review of the Motions filed by the parties, it is ORDERED that:

(1) Plaintiff's objections are **OVERRULED**;

(2) The Report and Recommendation is **APPROVED and ADOPTED**;

(3) Plaintiff's request for reversal or remand is **DENIED**; and

(4) The decision of the Commissioner which denied disability insurance benefits to Plaintiff is **AFFIRMED**.

The Clerk's Office shall close this case for statistical purposes.

IT IS SO ORDERED.

/s Paul S. Diamond, J.

_____
Paul S. Diamond, J.